# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOKHON LONG,<br>      **Plaintiff,**<br><br>v.<br><br>NANCY A. BERRYHILL,<br>**Acting Commissioner of Social Security Administration,**<br>      **Defendant.** | CIVIL ACTION<br><br><br><br>NO. 17-5813 |

## O R D E R

**AND NOW**, this 3rd day of January, 2019, upon consideration of Plaintiff's Request for Review, the record in this case, the Report and Recommendation of United States Magistrate Judge Marilyn Heffley dated November 16, 2018, Plaintiff's Objections to Report and Recommendation, and Defendant's Response to Plaintiff's Objection to Report and Recommendation, **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Marilyn Heffley dated November 16, 2018, is **APPROVED** and **ADOPTED**;

2. Plaintiff's Objections to Report and Recommendation are **OVERRULED**; and,

3. Plaintiff's Request for Review is **DENIED**.

The decision of the Court is based on the following:

1. The facts are set forth in detail in the Report and Recommendation of United States Magistrate Judge Marilyn Heffley dated November 16, 2018, and need not be repeated in this Order; and,

2. Plaintiff filed three objections to the Report and Recommendation:

    (a) Objection No. 1. In this Objection plaintiff argues that "[t]he ALJ erred by failing to admit into evidence or consider medical evidence from the Philadelphia Hand Center." Plaintiff raised the identical issue before the

Magistrate Judge and it was addressed in the Report and Recommendation at pages 4 through 12. The evidence at issue was submitted after the Hearing before the ALJ and after expiration of the additional time granted by the ALJ to submit evidence. There was no error in refusing to consider such evidence.

(b) Objection No. 2. In this Objection plaintiff reiterates the argument that "[t]he ALJ erred by finding plaintiff's only 'severe impairment to be loss of vision in the left eye'" and she challenges the ALJ's finding that her trigger finger was not a severe impairment. The issue related to loss of vision of the left eye was presented to the Magistrate Judge and rejected in her Report and Recommendation at pages 12 through 18, with which this Court agrees.

With respect to the trigger thumb issue, the Court concludes that it did not qualify as a severe impairment because it did not meet the 12 month duration requirement. The ALJ's determination that the trigger thumb has "not met the durational requirement of a severe impairment" was supported by substantial evidence.

(c) Objection No. 3. In this Objection plaintiff reiterates her argument presented to the Magistrate Judge that "[t]he ALJ did not reasonably explain her finding that plaintiff's testimony regarding symptoms and limitations is 'not entirely consistent with the medical evidence and other evidence.'" This issue was raised before the Magistrate Judge and rejected by the Magistrate Judge in her Report and Recommendation at pages 18 through 21, with which this Court agrees.

BY THE COURT:
/s/ Hon. Jan E. DuBois

DuBOIS, JAN E., J.